IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC GUTIERREZ,

       Petitioner,

vs.                                                                                                          CV 19-00436 RB/JHR

DAVID FAJARDO, Warden, and
HECTOR BALDERAS, Attorney
General for the State of New Mexico,

       Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Eric Gutierrez' habeas corpus petition under 28 U.S.C. § 2254 [Doc. 1], filed May 13, 2019. Pursuant to 28 U.S.C. § 636(b), presiding Senior District Judge Robert C. Brack referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 9]. Having thoroughly reviewed the parties' submissions and the relevant law, I find Gutierrez' petition mixed and recommend allowing Gutierrez the opportunity to amend his § 2254 petition to delete his unexhausted claim.

    **I.**      **BACKGROUND**

Gutierrez was arrested on December 7, 2013, resulting from an incident involving police officers responding to a violent subject call in Gutierrez' residence. [Doc. 13, p. 1; *see* Doc. 13, Exhibit ("Ex.") 1, p. 13]. On May 21, 2015, Gutierrez pled guilty to attempted murder (Count I), two counts of aggravated assault upon a peace officer (Count II and III), and possession of a firearm by a felon (Count VI). [Doc. 1, p. 1; Doc 13, p. 1; Ex. 1, pp. 1-2]. Gutierrez was sentenced

1

to forty-one and one-half (41 ½) years on November 3, 2015. [Doc. 1, p. 1; Doc. 13, Ex. 1, pp. 2-4].

Gutierrez filed the § 2254 petition currently before the Court on May 13, 2019. [Doc. 1]. Gutierrez raises three grounds for federal habeas relief: 1) that his state court convictions violated his federal double jeopardy protections, 2) that he was denied his right to effective assistance of counsel when his trial attorney failed to raise a question of Gutierrez' competency to stand trial, and 3) that he was denied effective assistance of counsel when his trial counsel failed to obtain a psychiatric examination of Gutierrez prior to sentencing in order to support arguments for mitigation of sentence. [Doc. 1, pp. 5, 7-8].

Gutierrez alleges that he presented the issue of pre-sentence psychiatric examination to the New Mexico Supreme Court through a petition for certiorari that was resolved by the New Mexico Supreme Court decision S-1-SC-37102, which denied certiorari review of Gutierrez' first state habeas petition. [*Id.*, p. 9; *see Doc. 13*, Ex. 1, pp. 132-34, 142].

Gutierrez used a habeas form for this petition for certiorari. [*See* Doc. 1, Ex. 1, pp. 6-9]. In the facts and descriptions, Gutierrez alleged that his counsel stopped working hard and promised to get but never got him an evaluation in the "RDC." [*Id.*, Ex. 1, p. 7]. Furthermore, Gutierrez alleged that he had mental and drug problems and that his counsel lied when told Gutierrez that he would ask for an evaluation with psychologists. [*Id.*]. In the arguments, Gutierrez cited to a double jeopardy case, a New Mexico mental health protection statute, and *New Mexico v. Herrera* 2001-NMCA-073, ¶ 31, 131. N.M. 22. [*Id.*, Ex. 1, p 8]. Gutierrez argued that *Hererra* is applicable because, just like *Herrera*, Gutierrez did not challenge his own competency because it is the job of the District Attorney, the Judge, and his counsel. [*Id.*].

Respondents answered on June 5, 2020, conceding that grounds 1 and 2 are exhausted but

asserting that the issue of a pre-sentence psychiatric examination has not been presented to the state's highest court for exhaustion of state court remedies as required by federal habeas law. [Doc. 13, pp. 3, 6-7]. Gutierrez did not file a response and the time to do so has passed. *See* D.N.M.LR-Civ. 7.4(a).

## II.     DISCUSSION

### A. Exhaustion of State Remedies

A federal court cannot grant habeas relief to a state petitioner unless the petitioner first exhausts all available state court remedies on his federal claims. *See* 28 U.S.C. § 2254(b)(1); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Exhaustion requires that a petitioner fairly present the substance of his claim in the brief before the state's highest court. *See Dever*, 36 F.3d at 1534; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). It is not enough that all the facts necessary to support the federal claims were before the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *see Duncan v. Henry*, 513 U.S. 364, 366 (1995). The substance a petitioner's claim must be presented in a manner sufficient to put the courts on notice of the federal constitutional claim. *Prendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012). Furthermore, each claim, and each portion of each claim, must be submitted to the state's highest court for exhaustion. *Jernigan v. Jaramillo*, 436 Fed. App'x 852, 855-56 (10th Cir. 2011) (unpublished). The purpose is to allow state courts the "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Prendergast*, 699 F.3d at 1184. Exhaustion is a threshold issue, and the petitioner bears the burden of demonstrating that he has exhausted available state court remedies. *See Harrison v. Champions*, 15 F.3d 1538, 1554 (10th Cir. 1994); *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, the substance of Gutierrez' Ground 3 claim is that effective assistance of counsel

3

required his trial counsel to obtain a psychiatric evaluation for mitigation purposes prior to sentencing, and that trial counsel failed to do so. [*See* Doc. 1, p. 8].

However, Gutierrez failed to present a claim that effective assistance required a pre-sentence psychiatric evaluation for mitigation purposes. A petitioner does not exhaust state remedies by generally appealing to a broad constitutional provision alone. *See Gray v. Netherland*, 518 U.S. 152, 163 (1996). To succeed under the Sixth Amendment guarantee of effective assistance of counsel, a petitioner must show that his "counsel's representation fell below an objective standard of reasonableness," and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong. *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997).

Gutierrez, in his petition to the New Mexico Supreme Court, alleged that his counsel stopped working hard and lied to him about getting a psychiatric evaluation. [Doc. 1, Ex. 1, p. 7]. However, Gutierrez never provided the relevant standard for effective assistance and never provided the legal basis for an argument that the failure to ask for a psychiatric evaluation for mitigation purposes prior to sentencing is constitutionally ineffective.

Furthermore, Gutierrez arguably failed to alert the New Mexico Supreme Court to his claim that his trial counsel failed to obtain a psychiatric evaluation for mitigation purposes. In his brief before the New Mexico Supreme Court, Gutierrez alleged that 1) his counsel stopped working hard, 2) he was ill advised by his counsel the whole time, 3) his counsel said he would ask for an evaluation with psychologists but lied, and 4) his counsel promised but never got him an evaluation in the "RDC." [Doc. 1, Ex. 1, p. 7]. However, Gutierrez never specified whether his counsel failed to get him a psychiatric evaluation for trial or for sentencing purposes. This specification is relevant

because Gutierrez also demands relief on a similar yet distinct ground: that he was denied his right to effectiveness assistance of counsel when his trial attorney failed to raise a question of Gutierrez' competency to stand trial. [*See* Doc. 1, p. 7]. The New Mexico Supreme Court could reasonably interpret Gutierrez' allegation that his counsel's failure to obtain a psychiatric evaluation was a reason that Gutierrez received ineffective counsel when his counsel failed to raise a question of competency to stand trial. The only legal argument Gutierrez expressed to the New Mexico Supreme Court regarding ineffectiveness of counsel was that his case is similar to *New Mexico v. Herrera*, [doc. 13, Ex. 1, p. 137], which dealt with Herrera's competency to enter a guilty plea and says nothing about a pre-sentencing psychiatric evaluation. *See* 2001-NMCA-073, ¶ 31, 131. N.M. 22. Because Gutierrez never specified the proceedings for psychiatric evaluations, presented a similar and yet distinct claim to the New Mexico Supreme Court, and only cited to legal references discussing competency to enter a plea, the New Mexico Supreme Court arguably was not alerted to Gutierrez' claim in Ground 3.

While a pro se litigant's pleadings are to be construed liberally, the Court cannot act as an advocate for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Gutierrez bears the burden of demonstrating that he has exhausted available state court remedies, yet he only cites to his certiorari petition to the New Mexico Supreme Court without any explanation, and did not reply when it was the sole issue addressed by the Respondents. Therefore, Gutierrez did not fairly present the substance of his claim in Ground 3 to the New Mexico Supreme Court.

Gutierrez cited to a New Mexico mental health protection statute in his legal arguments to the New Mexico Supreme Court. [Doc. 1, Ex. 1, p. 8]. However, violations of state law are generally not cognizable in federal habeas corpus, and federal relief may only be granted if the error so infected the trial with unfairness that the resulting conviction violates due process. *Lewis*

5

*v. Jeffers*, 497 U.S. 764, 780 (1990); *see Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Gutierrez did not present the "infected with unfairness" claim, and so his citation to the New Mexico mental health protection statute did not alert the New Mexico Supreme Court to an ineffectiveness of counsel claim based on federal due process.

Exhaustion requires that each claim, and each portion of each claim, be submitted to the state's highest court for review. *Jernigan v. Jaramillo*, 436 Fed. App'x 852, 855-56 (10th Cir. 2011) (unpublished). Because Gutierrez failed his burden to fairly present the substance of his claim in Ground 3 to the New Mexico Supreme Court, he therefore did not exhaust his state court remedies and this Court does not have jurisdiction to grant habeas relief on Gutierrez' claim of ineffective assistance for failure to obtain a pre-sentencing psychiatric evaluation.

### B. Treatment of "Mixed" Petitions

A habeas petition that contains both exhausted and unexhausted claims is called a "mixed petition." *Pliler v. Ford*, 542 U.S. 225, 227 (2004). When a federal habeas corpus petition is "mixed," the Court must choose from the following actions: 1) dismiss the petition in its entirely without prejudice to refiling after exhaustion of all state remedies; 2) stay the federal case and hold it in abeyance while the petitioner returns to state court to exhaust the unexhausted claim(s); 3) allow the petitioner to dismiss the unexhausted claim(s) in federal court and proceed on the exhausted claim(s), or; 4) if it appears that all of the claims should be dismissed on their merits, ignore the exhaustion requirement and dismiss all claims. *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009).

Here, Gutierrez' petition is "mixed" because he failed his burden of demonstrating that he has exhausted his state court remedies for his claim that he was denied effective assistance of counsel when his trial counsel failed to obtain a psychiatric examination prior to sentencing in

order to support arguments for mitigation of sentence.

A court may ignore the exhaustion requirement and dismiss all claims on their merits if it finds that none of the claims are meritorious. *Fairchild*, 579 F.3d at 1156. On initial review of the record, noting that the merits of Gutierrez' claims are not fully briefed, I cannot find that none of the claims are meritorious. Therefore, ignoring the exhaustion requirement and dismissing all claims is not appropriate.

A court should stay proceedings on a mixed petition and hold it in abeyance when the petitioner can show 1) good cause for failing to present the claims before the state court and 2) that the unexhausted claims are not plainly meritless. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Gutierrez did not show merit to his claims, nor did he show good cause to excuse his failure to present his unexhausted claim to the state court. Therefore, I do not find the "stay and abeyance" mechanism appropriate.

A court may dismiss a mixed petition in its entirety without prejudice so that the petitioner can return to state court to present his unexhausted claims. *See Hoxie v. Kerby*, 108 F.3d 1239, 1242 (10th Cir. 1997). However, a court should be reluctant to do so when the petitioner may be time-barred from returning to the federal court, since federal habeas petitions do not toll the one-year statute of limitations for federal habeas proceedings. *See Dombos v. Jenecka*, CIV 09-0200-JB-GBW, 2010 WL 11623435, at *5 (D.N.M. June 23, 2010) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)). Here, Gutierrez filed his § 2254 petition on May 13, 2019, and his new § 2254 petition may be time-barred were he to try and return to federal court. *See*, *e.g.*, *Weber*, 544 U.S. at 274-75. Therefore, I do not find this option appropriate.

Because I do not find any of the other three options appropriate, I therefore recommend allowing Gutierrez the opportunity to amend his § 2254 petition to delete his unexhausted claims.

7

Gutierrez should note that he may return to state court to present his unexhausted claims. However, if he does, this § 2254 petition will be dismissed. If this § 2254 petition is dismissed, Gutierrez should note that the federal habeas one-year limitations period may bar all of his claims, even those which are now exhausted and properly before this Court. *See generally Salazar v. Lemaster*, 130 F. App'x 208, 210 (10th Cir. 2005) (unpublished).

**RECOMMENDATION**

Because I find Gutierrez' petition to be mixed because he has not shown that his claim in Ground 3 is exhausted, I **recommend**

(1) allowing Gutierrez to file an amended § 2254 petition that contains only exhausted claims within fourteen (14) days of the District Judge's Order adopting these findings; and

(2) if Gutierrez files an amended petition, ordering Respondents to file an answer within thirty (30) days after receipt of Gutierrez' amended petition; or

(3) if Gutierrez does not file and amended petition free of unexhausted claims by the Court's deadline, then his current petition should be dismissed in its entirety without prejudice.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**