IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC GUTIERREZ,

      Petitioner,

vs.                                                     CV 19-00436 RB/JHR

HECTOR BALDERAS, Attorney
General for the State of New Mexico,

      Respondent.[1]

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Eric Gutierrez' amended habeas corpus petition under 28 U.S.C. § 2254 [Doc. 19][2], filed April 14, 2021. Pursuant to 28 U.S.C. § 636(b), presiding Senior District Judge Robert C. Brack referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 9]. Having thoroughly reviewed the parties' submissions and the relevant law, I recommend the Court dismiss the Petition with prejudice.

**I.    BACKGROUND**

Gutierrez was arrested on December 7, 2013, after an incident involving shots fired through a door at two police officers responding to a violent subject call at his residence. [Doc. 19, pp. 1-2; *see* Doc. 13-1, p. 13]. On May 21, 2015, Gutierrez pled guilty to attempted first-degree murder (Count I), two counts of aggravated assault upon a peace officer (Count II and III), and possession of a firearm by a felon (Count VI). [Doc. 13-1, pp. 1-2]. Gutierrez was sentenced to forty years on

---

[1] The Court granted Respondents' unopposed motion to dismiss warden David Fajardo as a respondent. [Doc. 27].

[2] The Court accepted Doc. 19 as the amended petition. [Doc. 21].

1

November 3, 2015. [Doc. 19, p. 1; Doc. 13-1, pp. 2-3].

Gutierrez commenced this action by filing a § 2254 petition on May 13, 2019 [Doc. 1]. After the Court's rulings, he filed this amended petition on April 14, 2021 [Doc. 19]. Gutierrez raises two grounds for habeas relief: (1) that his state court convictions violated federal double jeopardy protections, and (2) that he was denied the right to effective assistance of counsel when his trial attorney failed to raise a question of Gutierrez' competency to stand trial. [Doc. 19, pp. 5, 7]. Respondent answered on June 11, 2021. [Doc. 24]. Gutierrez did not reply and the time to do so has passed. *See* D.N.M.LR-Civ. 7.4(a).

## II. ANALYSIS

### a. Standard of Review

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner's petition for a writ of habeas corpus only where the prisoner is being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When the prisoner's claims have been adjudicated on the merits in state court, relief is available only if the state court's decision was contrary to, or unreasonably applied, clearly established Federal law, or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it does not apply "the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court decision "unreasonably applies" clearly established federal law if "there was no reasonable basis" for the state court's decision. *Cullen v. Pinholster*, 563 U.S. 170, 188 (2011); *see also Bell*, 535 U.S. at 694 ([A]n unreasonable application is different from an incorrect one.). Federal habeas courts generally look through unexplained decisions to the last

related state-court decision that does provide a relevant rationale, and a state court's determination precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018); *Harrington v. Richter*, 562 U.S. 86, 101 (2011). If a state court issued a summary decision and there is no indication the state court did not reach the merits of a claim, the decision is deemed "on the merits" for § 2254 purposes. *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004): *see Brown v. Sirmons*, 515 F.3d 1072, 1087 (10th Cir. 2008).

### b. Double Jeopardy

Gutierrez argues that, because his shots through a door against the two officers were not separated by either time or space, he only committed one criminal act. [*See* Doc. 19, p. 5; Doc. 1-1, p. 1]. Because he was convicted of both attempted first-degree murder (Count I) and aggravated assault upon a peace officer (Count II and III), he alleges a violation of double jeopardy by double description. [*See* Doc. 19, p. 5; Doc. 1-1, p. 1]. Because he was convicted of two counts of aggravated assault upon a peace officer (Count II and III), he alleges a violation of double jeopardy by unit-of-prosecution. [*See* Doc. 19, p. 5; Doc. 1-1, p. 1].

The Double Jeopardy Clause of the Fifth Amendment protects, among other things, multiple punishments for the same offense. *See United States v. Dixon*, 509 U.S. 688, 695-96 (1993).[3] This issue is one of legislative intent, and federal courts must defer to the state court's interpretation of state law in determining whether an incident constitutes multiple punishments for double jeopardy purposes. *Thomas v. Kerby*, 44 F.3d 884, 887 (10th Cir. 1995); *Dennis v. Poppel*, 222 F.3d 1245, 1251 (10th Cir. 2000). Under New Mexico law, multiple punishments can arise from both unit-of-prosecution claims and double description claims. *State v. Bernal*, 2006-NMSC-

---

[3] The Double Jeopardy Clause of the Fifth Amendment applies to state court trials through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 787 (1969).

3

050, ¶¶ 7, 10.

### i. Double Description

Double description claims involve multiple convictions under different statutes for the same criminal conduct. *Bernal*, 2006-NMSC-050, ¶ 7. New Mexico analyzes double description claims in two steps: (1) whether the conduct was unitary, and if so, (2) whether the legislature intended multiple punishments for unitary conduct. *Swafford v. State*, 1991-NMSC-043, ¶ 25.

Respondent concedes that firing multiple gunshots through the closed door was a unitary act. [Doc. 24, p. 8]. Regarding the second step, Gutierrez was convicted for attempted first-degree murder as well as peace-officer assault. [Doc. 13-1, pp. 1-2]. In *Demongey*, the New Mexico Court of Appeals considered attempted second-degree murder and peace-officer assault and determined that "the Legislature intended to punish the two offenses separately." *State v. Demongey*, 2008-NMCA-066, ¶¶ 19-23. In this case, on direct appeal, the New Mexico Court of Appeals considered Gutierrez' convictions and held that *Demongey* should not be reexamined, foreclosing Gutierrez' double description challenge. [Doc. 24-1, pp. 46-48].

The New Mexico Court of Appeals' opinion on direct appeal is the last reasoned state opinion on Gutierrez' double description claim. It is entitled to deference. *See Wilson*, 138 S. Ct. at 1192; *Harrington*, 562 U.S. at 101. Gutierrez' argument that his shots were not separated by either time or space goes only to the "unitary" step, which Respondent concedes. Gutierrez did not present any argument regarding the legislature's intent. This case and *Demongey* both involved attempted murder and peace-officer assault. The only difference is that Gutierrez was convicted for attempted first-degree murder, a more serious crime than the attempted second-degree murder in *Demongey*. Fairminded jurists can disagree over whether *Demongey* forecloses Gutierrez' double description challenge. Therefore, Gutierrez is not entitled to relief by double description

under the § 2254 deferential standard.

### ii. Unit-of-Prosecution

Unit-of-prosecution claims involve multiple convictions under the same statute. *Bernal*, 2006-NMSC-050, ¶ 7. The inquiry is to determine whether the legislature intended multiple punishments for multiple violations contained within one continuing act. *Id.*, ¶ 13. In *Roper*, the New Mexico Court of Appeals considered the text of New Mexico's assault statute and the underlying legislative intent[4], and determined that multiple assault convictions for pointing a gun at multiple people at the same time do not offend double jeopardy if multiple people suffered the mental harm that the law was intended to prevent. *State v. Roper*, 2001-NMCA-093, ¶ 12.

Gutierrez was convicted of two counts of peace-officer assault because he shot through a door at two officers. On direct appeal, the New Mexico Court of Appeals considered this issue and held that the peace-officer assault statute, just like the regular assault statute, intends to protect distinct victims from mental harm caused by a single act. [Doc. 24-1, pp. 45-46]. Therefore, convictions correlating to separate victims do not offend double jeopardy principles. [*Id.*]. This opinion is the last reasoned state court decision on point and is subject to deference. *See Wilson*, 138 S. Ct. at 1192; *Harrington*, 562 U.S. at 101.

Gutierrez argues that his act was unitary and that he did not know there were two officers on the other side of the door. [Doc. 19, p. 5]. However, the focus of the statute is the mental harm suffered by the peace officers. Both officers testified about the toll that the shooting took on their mental states. [Doc. 24, p. 10, n. 3 (citing Doc. 25-1, p. 172)].

Gutierrez did not present any argument for contrary legislative intent. Based on *Roper*, fairminded jurists can disagree over whether Gutierrez can be punished for two counts of peace-

---

[4] *Roper* determined "[t]he legislative focus of the assault statutes being the protection of victims from mental harm." 2001-NMCA-093, ¶ 12.

officer assault on two separate officers where there is evidence that both officers suffered resulting mental harm. Therefore, Gutierrez fails to overcome the § 2254 deferral standard and is not entitled to relief by unit-of-prosecution.

### c. Effective Assistance of Counsel

Gutierrez argues that his long history of mental health issues warranted at least a request for a competency hearing and his trial counsel's failure to so request denied his right to effective assistance of counsel. [Doc. 19, p. 7].

The Sixth Amendment to the United States Constitution guarantees a petitioner the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). To establish a violation, a petitioner must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Id.* at 687.

The performance inquiry is whether counsel's assistance was reasonable considering all the circumstances; the court must judge the reasonableness of counsel's challenged conduct within the facts of the particular case. *Strickland*, 466 U.S. at 688, 690. "Recognizing the 'tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence,' counsel should be 'strongly presumed to have rendered adequate assistance.'" *Cullen*, 563 U.S. at 189 (citing *Strickland*, 466 U.S. at 690) (alteration in original). The petitioner must establish that the attorney's representation amount to incompetence under prevailing professional norms. *Harrington*, 562 U.S. at 105; *Bell*, 535 U.S. at 694.

In addition to deficient performance, the petitioner must affirmatively prove resulting prejudice. *Strickland*, 466 U.S. at 693. To do so, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

If the state court adjudicated the petitioner's ineffective assistance claims on the merits, a federal habeas court's review is "doubly deferential." *Cullen*, 563 U.S. at 190 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Under the doubly deferential standard, the petitioner must demonstrate that "it was necessarily unreasonable for the [state court] to conclude: (1) that he had not overcome the strong presumption of competence; and (2) that he was not prejudiced." *Id.* at 190, 198.

Gutierrez presented his effective assistance of counsel issue in the state habeas petition. [*See* Doc. 19, p. 7; Doc. 24, p. 15; *see* Doc. 24-1, pp. 137-39, 142]. The state habeas court incorporated the New Mexico Public Defender's conclusion that Gutierrez had not met his *Strickland* burden in its dismissal decision. [Doc. 24-1, pp. 137, 140, 142]. There is no indication that the state court did not reach the merits of the claim. The Court, therefore, applies the doubly deferential standard. *Cullen*, 563 U.S. at 190; *Gipson*, 376 F.3d at 1196.

Gutierrez states only two sentences in support of his effective assistance of counsel claim: "Ineffective Assistance of Counsel for failing to raise mental health issues at the time [of] trial specifically his competency to stand trial[,]" and "[p]etitioner has a long history of mental health issues which should have warranted at the least a request for competency hearing." [Doc. 19, p. 7]. Although these two sentences allege that Gutierrez had a long history of mental health issues, he did not provide any facts supporting this allegation. Gutierrez did not explain his symptoms, limitations and accommodations, medical history, or treatment. Without more, this is just a conclusory assertion.

Furthermore, Gutierrez' implied assertion that counsel failed to perform ("mental health issues [] should have warranted at the least a request for competence hearing") contradicts the record. Gutierrez' trial counsel made at least three requests for an evaluation regarding competency

7

to stand trial.[5] [*See* Doc. 24, pp. 12-13 (citing Doc. 25-1, pp. 36, 69-71, 78)]. Under the doubly deferential standard, a petitioner must at least show that counsel's performance was deficient. Gutierrez' only alleged deficiency, that counsel failed to request a competency hearing, clearly contradicts the record. Counsel is not ineffective merely because he does not prevail. *See Darity v. McDonough*, No. 8:03-CV-1829-T-30MAP, 2006 WL 2792891, at *18 (M.D. Fla., Sept. 27, 2006). Gutierrez fails the deficient performance prong.

Gutierrez also fails to satisfy his burden to make an affirmative showing of resulting prejudice; he fails to present any evidence or argument on that essential issue.

### III.    RECOMMENDATION

Because Gutierrez is not entitled to relief under either double jeopardy or effective assistance of counsel, I **recommend** the Court **DISMISS** this petition with prejudice. Because reasonable jurists would not reach a different result, I **further recommend** that a certificate of appealability be **DENIED.**

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE

---

[5] The three requests were made at: (1) a motion hearing on May 29, 2014; (2) a motion hearing on September 12, 2014, and (3) a docket call on October 14, 2014. For the September 12, 2014, motion hearing, counsel called two witnesses in support of Gutierrez. [*See* Doc. 25-1, pp. 69-71].

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**